380 A.2d 412

**COMMONWEALTH of Pennsylvania**

v.

**Joseph I. WAREHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Dec. 2, 1977.

---

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division. A jury found appellant guilty of robbery, theft, rape, involuntary deviate sexual intercourse, simple assault, criminal attempt, possession of instruments of crime, felonious restraint, recklessly endangering another person, terroristic threats, and criminal conspiracy. Post-trial motions were timely filed and denied and the court sentenced appellant to a term of ten to twenty years' imprisonment.

Appellant contends that an in-court identification should have been suppressed as the result of an unnecessarily suggestive pretrial photographic display. In *Commonwealth v. Holz*, 245 Pa.Super. 376, 369 A.2d 452 (1976), where the facts of the instant case are recited in detail, we affirmed the conviction of appellant's co-defendant and rejected a parallel claim, holding that the in-court identification of Holz had the independent basis required by *United States v. Wade*, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). As the circumstances bearing on the "independent basis" issue here are substantially identical to those in *Holz*, we reach the same conclusion: the identification of appellant was not the result of suggestive pretrial procedures and was properly allowed.

Appellant has one other complaint, that his counsel below was ineffective in failing to raise a Rule 1100 issue on post-trial motions.

Rule 1100(a)(2), Pa.R.Crim.P., 19 P.S. Appendix, requires that trial in a case where the complaint is filed after July 1, 1974, commence within 180 days from the date the complaint is filed. The complaint in the instant case was filed July 26, 1974. On January 20, 1975, the 178th day, the Commonwealth filed a petition for extension under Pa.R.Crim.P. 1100(c). A Rule To Show Cause why the petition should not be granted was issued against the defendant and a hearing was scheduled for February 21, 1975. The record is silent as to what response defense counsel made, but appellant and appellee both state in their briefs that counsel opposed the extension. The extension was granted February 21, 1975. No motion to dismiss was filed, and no complaint regarding Rule 1100 was raised on post-trial motions.

We are unable to determine from the record whether counsel's decision not to raise a Rule 1100 issue in post-trial motions was based on a belief that such action would be futile, had some other reasonable basis, or was the result of carelessness. The record leaves us in the dark as to the reason for the extension. The petition was a *pro forma* petition of the sort that we disapproved in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). Any conclusion we might reach as to the merits of the issue, the likelihood that it could have been successfully raised on post-trial motions, and the legitimacy of counsel's reasons for not doing so would be speculative.

Accordingly, we vacate the judgment of sentence and remand for an evidentiary hearing to determine whether appellant was deprived of the right to the effective assistance of counsel on the post-trial motions.* If the court determines counsel acted competently, the judgment of sen-

* As counsel's effectiveness at trial and before is not questioned, his pretrial actions may be considered only to the extent that they help explain his post-trial decisions.

tence must be reinstated. If his failure to raise the Rule 1100 issue is deemed to constitute ineffectiveness, appellant shall be allowed to file post-trial motions nunc pro tunc to raise the issue. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Judgment of sentence reversed and case remanded for further proceedings consistent with this opinion.

WATKINS, President Judge, and VAN der VOORT, J., dissent.

HOFFMAN, J., concurs in the result.