394 A.2d 497

AIKEN INDUSTRIES, INC., Respondent,

v.

The Estate of Thomas A. WILSON, Eugene R. Speer and the Union National Bank of Pittsburgh, Executors, Applicants.

Supreme Court of Pennsylvania.

Petition filed Oct. 6, 1978.

Decided Nov. 18, 1978.

## OPINION

PER CURIAM.

This case is presently before us on an application of appellants under Pa.R.A.P. 105(a) for modification of our appellate rules to permit the filing of a second application for reargument, appellants' original application for reargument having been earlier denied. The present application will also be denied.

While we continue to see no purpose to be served by reargument, it appears from the application and answer thereto that misunderstanding exists as to the effect of our per curiam opinion filed January 31, 1978, see *Aiken Industries, Inc. v. Estate of Thomas A. Wilson*, 477 Pa. 34, 383 A.2d 808 (1978). Since it is possible that such misunder-

standing may have been occasioned by ambiguity in the first sentence of that opinion, we now state explicitly what we had thought was implicit, namely, that the decree below is affirmed *insofar as the issue of liability is concerned.*

With respect to the issue of damages, the opinions heretofore filed show that no member of the Court believes that the damages as awarded are proper. Three of the participating justices (Justices Roberts, Nix and Manderino), based upon their conclusion that no liability exists on the part of the appellants, are of the view that appellants should not have to pay damages in any amount. The other three justices (Chief Justice Eagen and Justices O'Brien and Pomeroy), being of the view that damages were improperly calculated by the trial court, believe that the decree should be vacated insofar as it fixes damages and the case remanded for the recalculation of damages.

It follows that the decree of the court of common pleas cannot remain as entered by that court insofar as the award of damages is concerned, and the case is therefore remanded to that court for appropriate further proceedings.