407 A.2d 382

**COMMONWEALTH of Pennsylvania,**

v.

**Anthony PATRICK, Appellant.**

Supreme Court of Pennsylvania.

Argued April 20, 1979.

Decided Oct. 24, 1979.

George C. Brady, III, Conshohocken, for appellant.

John J. Burfete, Jr., John T. Salvucci, Ronald T. Williamson, Asst. Dist. Attys., Norristown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## ORDER

PER CURIAM.

Mr. Justice Nix, joined by Mr. Chief Justice Eagen and Mr. Justice O'Brien, filed an Opinion in Support of Remand and would remand the case for an evidentiary hearing to ascertain whether the Commonwealth had met the due diligence requirement of Criminal Procedure Rule 1100(c).

Mr. Justice Roberts, joined by Mr. Justice Manderino, filed an Opinion in Support of Discharge and would discharge the appellant, being satisfied that a Rule 1100 violation has been established on the record presently before the Court.

Mr. Justice Larsen filed a dissent wherein he would affirm the judgment of sentence.

Five of the six members of the Court hearing the matter are in agreement that the appellant is entitled to some type of relief. Since remand is a lesser remedy than is discharge, and the mandate of remand received the support of a plurality of the members of the Court, the case is remanded for an evidentiary hearing to determine whether the Commonwealth had met the due diligence requirement of Rule 1100(c). *See, Aiken Industries, Inc. v. Wilson,* 482 Pa. 626, 394 A.2d 497 (1978).

It is so ordered.

18

LARSEN, J., did not participate in this Order.

ROBERTS, J., files a statement in opposition to the per curiam order.

MANDERINO, J., notes a dissent to the per curiam order.

## OPINION IN SUPPORT OF DISCHARGE

ROBERTS, Justice.

I agree that appellant's original counsel were ineffective for failing to move for discharge under Pa.R.Crim.P. 1100. But I cannot agree that the Commonwealth is now entitled to a second chance to prove that an extension of the trial date would have been proper. Having failed to comply with the basic requirements of Rule 1100, the Commonwealth has forfeited its opportunity to claim the benefits of the rule and is precluded from any belated attempt to correct its error.

The Commonwealth was granted an extension of the date for commencement of appellant's trial under Pa.R.Crim.P. 1100(c).[1] This rule requires that the Commonwealth notify the defendant or his counsel that an extension is being sought, and provides for a hearing. Nevertheless, although appellant was represented by counsel, neither appellant nor his counsel of record was notified and no hearing was held.

Moreover, Rule 1100(c) is clear that the only basis for an extension is an affirmative showing by the Commonwealth that the trial cannot be commenced within the original time

1. Pa.R.Crim.P. 1100 provides in relevant part:
   *Rule* 1100. *Prompt Trial.*
   \* \* \* \* \* \*
   (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.
   \* \* \* \* \* \*

period "despite due diligence by the Commonwealth." The basis for the extension granted here was the untrue averment in the Commonwealth's boilerplate petition that appellant was not in custody. The Commonwealth now concedes that, at the time the extension was sought, appellant had been in custody for two weeks. The record plainly establishes that the Commonwealth's conduct was totally lacking in due diligence.

Even at this late stage, no additional evidence is offered to suggest that an extension of the trial date was necessary, and the Commonwealth does not allege that it could prove such a claim. Accordingly, I would reverse the judgment of sentence and direct that the appellant be discharged.[2]

MANDERINO, J., joins in this opinion.

## STATEMENT OF MR. JUSTICE ROBERTS IN OPPOSITION TO THE "PER CURIAM ORDER"

I am in total disagreement with what is labeled the "per curiam order." Three justices of a six-member court now purport both to express the views of this Court and to authorize the mandate of remand. These three justices now submit what they characterize as an "order." Any valid "order," it must be obvious, would require the votes of at least four justices of the six justices who participated in this case.

Today's "order" is based on the unusual notion of "interpreting" two votes for discharge as being, instead, votes in support of remand. This interpretation is utterly inappropriate. Mr. Justice Manderino and this writer specifically state their view that appellant should be discharged. These

---

2. The record shows that appellant timely raises other issues for this Court's review: (1) that original counsel were ineffective for failing to claim that pre-arrest delay violated appellant's due process rights, (2) that prejudicial remarks by the district attorney during his closing jury address require retrial and (3) that admission at trial of certain hearsay evidence requires retrial. Because I believe appellant is entitled to discharge on his Rule 1100 claim, I express no view on these issues.

20

two votes support discharge and not any disposition granting lesser relief.

It must be obvious that the labeled "per curiam order" is only an appendage to the opinion of the three justices who vote for remand and represents only the views of those three justices. It is in no sense the view of a majority of this six-member Court and must not be regarded as such.

MANDERINO, J., also dissents from the issuance of the "per curiam order."

## OPINION IN SUPPORT OF REMAND

NIX, Justice.

Appellant, who was convicted of two counts of violating the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–101 *et seq.* (1977), sought allocatur from this Court after the Superior Court affirmed his conviction *per curiam.* On April 22, 1976, we granted allocatur. In an appeal to this Court, appellant was represented by the same counsel who had represented him in the Superior Court, and counsel was also a member of the same defender's office which had represented appellant at trial. Because appellant raised issues of trial and appellate counsel's effectiveness, the grant of the petition for review was limited to the question whether a public defender may challenge the effectiveness of a colleague from the same office. We answered in the negative, *Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978), and remanded for appointment of new counsel. The trial court complied with that mandate, and new counsel represents appellant in the instant appeal.

Appellant's basic contention is that trial and former appellate counsel were ineffective for failing, respectively, to preserve properly and to raise certain claims that appellant was entitled to a discharge under Pennsylvania Rule of Criminal Procedure 1100. The trial court held that the claim was waived for failure to present it in writing pre-trial, relying upon rules 304, 305 (now 306) and 1100(f). Due to the date of the criminal episode, the two hundred and

seventy (270) day limit applies to this appeal. Pa.R.Crim.P. 1100(a)(1). The relevant docket entries are as follows:

| | |
|---|---|
| Nov. 14, 1973 | – complaint filed (Rule 1100 starts to run) |
| Dec. 5, 1973 | – arrest |
| Dec. 13, 1973 | – released on bail ($500) |
| Feb. 13, 1974 | – indicted and trial date set for July 18, 1974 |
| Jul. 18, 1974 | – appellant fails to appear for trial |
| Aug. 9, 1974 | – bench warrant issued |
| Aug. 11, 1974 | – 270 day period expires (without consideration of any possible exclusions) |
| Aug. 14, 1974 | – appellant arrested on bench warrant, fails to make $10,000 bail, and is incarcerated |
| Aug. 28, 1974 | – Rule 1100(c) petition is filed and granted for 90 day extension |
| Oct. 22, 1974 | – Trial begins |

Two of appellant's substantive contentions under rule 1100 have no merit. First, the contention that the Commonwealth did not file its rule 1100(c) petition for extension prior to the expiration of the rule's mandatory period ignores the fact that appellant failed to appear for the July 18th trial date. Appellant was at large and therefore unavailable for twenty eight (28) days (July 18 to August 14). Thus, although the petition for extension was filed on the two hundred and eighty-seventh (287th) *chronological* day, when the twenty-eight (28) days are excluded in accordance with rule 1100(d)(1), it is clear that the Commonwealth's petition was filed on the two hundred and fifty-ninth (259th) *constructive* day, well within the period set by the rule. *See Commonwealth v. Nickol,* 476 Pa. 75, 381 A.2d 873 (1977); *Commonwealth v. Shelton,* 469 Pa. 8, 15, 364 A.2d 694 (1976); *Commonwealth v. Brown,* 251 Pa.Super. 179, 380 A.2d 436 (1977), *allocatur denied; Commonwealth v. Kidd,* 251 Pa.Super. 140, 380 A.2d 416 (1977).

Second, the assertion that letter notice to appellant informing him of the original trial date was insufficient due his alleged change of address is similarly unpersuasive. Notice was sent to appellant's address as listed on his bail certificate, and the burden is upon defendant on bail to keep the Commonwealth apprised of changes of address. Failure *to do so is itself a breach of a condition of bail.* Pa.R. Crim.P. 4013; *see Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978). Appellant's assertion that he notified his

22

probation officer of his address change, even if true, would not satisfy the requirement of rule 4013(c), which mandates such notice to be given to the "issuing authority, the clerk of courts, the district attorney, and court bail agency . . ." Pa.R.Crim.P. 4013(c). Because neither of the above contentions was meritorious, counsel cannot be deemed ineffective for failing to raise them. *See Commonwealth v. Sullivan,* 472 Pa. 129, 163, 371 A.2d 468 (1977); *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974).

Appellant's final claim is that trial counsel was ineffective for failing to challenge the procedural propriety of the rule 1100(c) hearing and the court's grant of the requested extension. Appellant contends and appellee concedes that neither appellant nor his attorney was given notice of the Commonwealth's petition to extend time for trial; it is also undisputed that there was no hearing on the petition. Both notice and a hearing are clearly required by rule 1100(c). A further problem is that the Commonwealth's petition was of the boiler-plate variety, alleging due diligence and averring that defendant "has not yet been apprehended." *See Commonwealth v. Ray,* 240 Pa.Super. 33, 360 A.2d 925 (1976). However, the docket shows that two weeks *before* the filing and grant of extension, appellant was arrested on the bench warrant which had been issued on August 9th. The docket also shows that the judge who granted the extension was not the same judge who incarcerated appellant on August 14th, and was not aware of his apprehension. The procedural deficiencies surrounding the grant of the extension were obviously of arguable merit, thus, the question as to whether there was a reasonable basis for failing to pursue these claims must be considered. *Commonwealth v. Humphrey,* 473 Pa. 533, 537, 375 A.2d 717, 719 (1977); *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

If the record was clear that the Commonwealth had met the substantive requirements for an extension under section (c), it could be argued that counsel might have properly

elected not to pursue the procedural defects, that at best would result in a rehearing and a reaffirmation of the original order. Here, however, there was serious question as to the propriety of the extension order other than the procedural problems. The only basis offered for the grant of the extension was the appellant's fugitive status, which was later ascertained to be erroneous. While appellant was in a fugitive status, the Commonwealth was unquestionably entitled to an extension and that extension could legitimately extend for a reasonable time beyond his apprehension. The question arises in this case because of his apprehension prior to the extension request and that neither the Commonwealth nor the court was aware of that fact. If with the exercise of due diligence the Commonwealth should have been aware of appellant's availability for trial at the time of rule 1100(c) request, then the grant of the relief for the reason given would have been clearly erroneous and counsel's client would be entitled to a discharge. In view of the remedy that was possibly available, we can perceive of no interest of the client's that should have deterred counsel pursuing an attack on the validity of the grant when his client was brought to trial beyond the period prescribed by the rule. While this disposes of the question as to counsel's ineffectiveness favorably to appellant, it does not settle the issue as to what is the appropriate remedy to be provided in this case. A finding that appellant's counsel was ineffective for not pursuing a contention of arguable merit is not synonymous with a conclusion that the contention would, in fact, have prevailed if it had been timely pursued. On the record before us, we can only conclude that an argument that the Commonwealth had not demonstrated the due diligence, which is a prerequisite for an extension, was of arguable merit. We cannot, however, determine whether there were administrative complexities that might explain the Commonwealth's misinformation as not being the result of the failure to exercise due diligence. Such a decision can only be made after an evidentiary hearing wherein the

pertinent facts are developed. Thus, we are constrained to remand the matter to the trial court for a hearing.

Moreover, we are satisfied that this result is not providing the Commonwealth with "a second bite of the apple" as charged by two members of the Court. To conclude that the Commonwealth's unawareness of appellant's apprehension resulted from its lack of due diligence ignores the realistic complexities of a justice system operating in a populous county. While appellant is entitled to the remedy of discharge if the prosecution has failed to comply with the mandates of rule 1100, nonetheless, the people of the Commonwealth are also entitled to expect that the determination of non-compliance will not be made in the cavalier manner urged by those who would allow appellant's discharge on the present record.

Accordingly, we would remand the cause to the trial court with the instruction that 1100(c) hearing be held, at which time, the parties will be given an opportunity to create a record on the question of the Commonwealth's due diligence. If the trial court determines that the grant of an extension was proper, then the appellant may seek review of that determination in the Superior Court. If the trial court finds that trial could have been commenced within the proscribed period of the rule with the exercise of due diligence, the appellant must be discharged, subject, of course, to any appellate review that is available to the Commonwealth. See Commonwealth v. Wareham, 251 Pa.Super. 130, 380 A.2d 412 (1977), allocatur denied.

EAGEN, C. J., and O'BRIEN, J., join in this opinion.

LARSEN, Justice, dissenting.

I dissent; when a defendant "jumps" bail or refuses to appear for a hearing or trial, he should not receive any benefits under Rule 1100. I would, therefore, affirm the judgment of sentence.