Greenwood Mining, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Steve Ciglar and Commonwealth of Pennsylvania, Respondents.

546

Argued September 13, 1979, before Judges Men-
cer, DiSalle and MacPhail, sitting as a panel of
three.

*John R. Lenahan, Jr.*, with him *Lenahan, Dempsey,
Murphy & Piazza*, for petitioner.

*Robert J. Gillespie, Sr.*, for respondent.

Opinion by Judge DiSalle, December 6, 1979:

Greenwood Mining (Petitioner) has appealed an
order of the Workmen's Compensation Appeal Board
(Board) affirming an award of compensation to Steve
Ciglar (Claimant) pursuant to The Pennsylvania
Workmen's Compensation Act (Act), Act of June 2,
1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., for total
disability due to anthracosilicosis.

Claimant worked in the mining industry for forty-seven years. He last worked as a payloader and bulldozer for Petitioner from 1968 until January 3, 1976, his last working day. Claimant filed a timely claim petition for workmen's compensation benefits, alleging that he was totally disabled by exposure to silica dust in the course of his employment.

A referee conducted hearings at which Claimant and Petitioner presented sharply contradictory medical testimony as to the existence of anthracosilicosis. Testifying for petitioner at the first hearing, Dr. N. M. Wall diagnosed chronic bronchitis and coronary artery disease, but he found no evidence of anthracosilicosis. At the second hearing, Claimant's physician, Dr. P. L. Saras, testified that Claimant was totally and permanently disabled due to anthracosilicosis and pulmonary emphysema. Thereafter, the Commonwealth submitted a report from Dr. H. L. Auerbach indicating that Claimant was principally disabled by heart disease; however, Dr. Auerbach also found "minimal" anthracosilicosis. Because of the conflicting evidence, the referee appointed Dr. Abdul Rashid to serve as an impartial medical expert pursuant to Section 420 of the Act, 77 P.S. §831. Dr. Rashid diagnosed "mild [sic] restrictive and obstructive pulmonary disease and angina pectoris." He also noted that X-rays showed "category 1 anthracosilicosis." Upon Claimant's request, the referee, in the exercise of his discretion, allowed additional testimony from Dr. Carter Davison. Dr. Davison opined that Claimant was permanently and totally disabled because of anthracosilicosis. Petitioner was present and cross-examined Dr. Davison, but, although given the opportunity to do so, declined to offer further medical evidence. At the close of the hearings, the referee found that Claimant was permanently and totally disabled due to anthracosilicosis and awarded appropriate benefits. The

Board, as we have noted, upheld the referee's decision. We affirm the Board.

Petitioner argues that the referee's allowance of Dr. Davison's testimony and his partial reliance on it constitute errors of law. Specifically, Petitioner contends that this testimony was merely cumulative and that admission of such cumulative testimony after hearing an impartial witness "usurps the finality" of a workmen's compensation determination. Petitioner seeks a reversal of the award, or, alternatively, a remand to the referee directing him to exclude consideration of Dr. Davison's opinion.

Petitioner concedes that if Dr. Davison's opinion had been presented "in a timely fashion," then it "may not have been cumulative." Thus, the core of Petitioner's objection is to the order in which the testimony was heard. Although the Board conceded that this procedure was unusual, it found no impropriety. The Administrative Agency Law, 2 Pa. C.S. §505, grants the referee much discretion in conducting hearings. Our careful review of the record convinces us that there was substantial evidence to support the referee's finding of disability. With the caveat that the interests of all parties are best served when these proceedings are conducted with a predictable finality, we find no error in the referee's admission of the additional corroborating testimony of Dr. Davison. It follows, therefore, that the order of the Board must be affirmed.

ORDER

AND Now, this 6th day of December, 1979, the order of the Workmen's Compensation Appeal Board, dated July 27, 1978, affirming the referee's award of benefits to Steve Ciglar, is affirmed, and judgment is entered on the award. The employer, Greenwood Mining Company (Bethlehem Steel), and the Commonwealth

of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation, are therefore ordered and directed to pay compensation to Steve Ciglar at the rate of $187.00 per week beginning January 5, 1976. Of said weekly amount of $187.00, the Commonwealth of Pennsylvania shall be liable for 25% thereof, or $46.75 per week and the employer shall pay 75% of said weekly amount, or $140.25 per week.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Worker's Compensation, is directed to pay to the impartial medical expert, Dr. Abdul Rashid, the total sum of $250.00 for his services in this matter.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

I agree with the Appellant that there must be a finality of all judicial and administrative hearings. As the majority notes, at the initial hearings there was conflicting medical testimony. In the proper exercise of his authority the referee then appointed an impartial medical expert whose testimony was adverse to the Claimant. Thereafter, at Claimant's request the referee held still another hearing and heard still another physician who was not even familiar with the report of the impartial medical witness. Obviously, the testimony of the additional medical witness could not properly be classified as rebuttal and was therefore cumulative. There was no showing by the Claimant that the additional medical witness was not available at the initial hearings. While I am aware that the referee has considerable discretion in the conduct of hearings, I believe in this instance the referee abused that discretion. Some courts euphemistically refer to the procedure employed by the referee in the instant case as giving the Claimant "two bites at the apple." *See*

*Commonwealth v. Patrick,* Pa. , 407 A.2d 382 (1979) (opinion in support of remand).

Because the referee specifically noted that he relied upon the testimony of the additional medical witness in reaching his decision, I would remand for reconsideration with instructions to the referee to disregard the testimony of Doctor Davidson.

Application for reargument filed and denied.