428 A.2d 609

**COMMONWEALTH of Pennsylvania**

v.

**Jerome HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 10, 1981.

---

136

John Halley, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, Jerome Harris, was convicted by a jury of aggravated assault and attempted murder on March 29, 1976. His conviction was affirmed by the Superior Court on May 16, 1978. Subsequently, appellant filed a post-conviction petition alleging ineffective assistance of counsel for failing to preserve the issue of speedy trial for appeal. The lower court denied relief on July 12, 1979 and appellant now appeals this denial.

The original trial date should have been in mid-January of 1976. On January 5, 1976, the Commonwealth obtained an order from the trial court extending the run date to April 15, 1976. Appellant contends that neither he nor his counsel was given notice and therefore no opportunity to be heard on the extension petition until after it had already been signed and granted. Trial counsel subsequently filed a motion to dismiss premised on the Commonwealth's failure to comply with Rule 1100(c). The motion was denied and the trial commenced on March 23, 1976. Appellant's counsel

failed to raise the Rule 1100(c) issue in his post-verdict motion and thus did not preserve this issue for appeal.

The standard of review involving claims of ineffective assistance of counsel is well settled. As the Pennsylvania Supreme Court has stated:

"In order to determine whether counsel's assistance was effective, we must be 'able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.' *Comm. ex rel, Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). (Emphasis in original.) However, counsel cannot be found ineffective for failing to assert a meritless claim. Only when an abandoned claim is of arguable merit must we inquire into counsel's basis for not pursuing it. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977)."

*Commonwealth v. Weathers El,* 485 Pa. 28, 32, 400 A.2d 1295, 1297 (1979).

In the case before us, the petition to extend was granted to the Commonwealth without giving appellant the opportunity to contest it. Rule 1100(c) necessitates notice and a hearing before the grant of an extension of the run date. Therefore, appellant's claim that the extension was procedurally deficient is obviously of arguable merit.

Next we must consider whether counsel had any reasonable basis designed to effectuate appellant's interests by not preserving the issue for appeal.

At the post-conviction hearing, trial counsel could not state a reason for his failure to preserve the issue on appeal. He said that at the time he was furious that the order had been issued ex parte, and that the Rule 1100 issue had more merit than other issues preserved for appeal. It is, therefore, evident that there was no reasonable basis for trial counsel's failure to preserve the issue for appeal.

Our finding that counsel was ineffective does not necessarily mean that the contention would have prevailed if it

138

had been pursued. The Commonwealth has alleged that the extension was warranted because of a crowded court docket. However, this allegation, in the absence of evidence in the record, is insufficient to show that the Commonwealth used due diligence in bringing the accused to trial.

It is therefore necessary to remand this case to the trial court with the instruction that an 1100(c) hearing be held, at which time, the parties will be given an opportunity to create a record on the question of the Commonwealth's due diligence. *Commonwealth v. Patrick*, 487 Pa. 16, 407 A.2d 382 (1979). If it is determined that the Commonwealth failed to exercise due diligence, the judgment of sentence shall be vacated and appellant discharged without prejudice to the Commonwealth's right of appeal. If the lower court determines that the Commonwealth exercised due diligence, appellant may appeal that decision.

Accordingly, this case is remanded for proceedings consistent with this opinion.