392 A.2d 1327

**COMMONWEALTH of Pennsylvania**

v.

**Allen COHEN and George Holmes, Appellees.**

Supreme Court of Pennsylvania.

Argued April 14, 1978.

Decided Oct. 5, 1978.

---

Kenneth G. Biehn, Dist. Atty., Stephen B. Harris, First Asst. Dist. Atty., Doylestown, for appellant.

Robert T. Burke, Bristol, for appellee, Allen Cohen.

Michael A. Klimpl, Richard S. Wasserbly, Asst. Public Defenders, Doylestown, for appellee, George Holmes.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is an appeal by the Commonwealth from a Superior Court order affirming per curiam the dismissal of the charges lodged against appellees under Pa.R.Crim.P. 1100. On April 1, 1975, criminal complaints were filed against George Holmes and Allen Cohen charging them with impersonating a public servant, conspiracy and harassment. After several continuances a preliminary hearing was held on May 21, 1975 and appellees were held for action of the grand

jury. On June 26, 1975 appellees were indicted by the grand jury. On that same day appellees failed to appear for arraignment and a bench warrant was issued by the court for the arrest of appellees as authorized by Pa.R.Crim.P. 4016(A)(2). On July 16, 1975 appellees appeared in court, were purged of the contempt, arraigned and released pending trial.[1] There were several continuances thereafter at the request of appellees and the Commonwealth for various reasons. On October 10, 1975 the Commonwealth filed a Petition for Extension of Time under section (c) of Rule 1100. This petition was filed 192 days after the filing of the complaints. The trial court ruled that the Petition for Extension of Time was not filed within 180 days and was therefore not timely and for that reason denied it and dismissed the charges against appellees.

Section (c) of Rule 1100 permits the attorney for the Commonwealth to apply to the court for an order extending the time for commencement of trial provided that the application is made prior to the extension of the period in which trial is required to begin.[2] We have interpreted this section as requiring the application to be filed within the statutory period, which in this case was 180 days, excluding only those periods allowed under section (d) of the Rule.[3] *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

1. There is no transcript of this proceeding in the record supplied to this Court.

2. Pa.R.Crim.P. 1100(c) provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

3. Pa.R.Crim.P. 1100(d)(1) provides:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;"

"The Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension. *Commonwealth v. O'Shea, supra* [465 Pa.] at 498, 350 A.2d [872] at 875 n. 9; *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975). Whether or not an application for an extension is timely filed is determined by computing the amount of time which has lapsed from the filing of the complaint to the date on which the Commonwealth files its application, less any periods which are properly excludable pursuant to section (d) of the Rule. If the time so computed exceeds the mandatory period of the Rule or, in cases where an extension or extensions have been properly granted, exceeds the mandatory period set forth in the order granting the last extension, then the application is untimely." *Commonwealth v. Shelton, supra,* 469 Pa. at 15, 364 A.2d at 697–98.

In assessing the finding of the trial court and the Superior Court that the Petition for Extension was untimely, we must determine whether the 20 day period from the time the bench warrant was issued until the appellees appeared and were purged of their contempt was excludable under section (d)(1). The trial court reasoned:

"Rule 1100 mandates that it is the Commonwealth's obligation to commence a trial no later than the prescribed time from the filing of the written complaint unless *excused upon a showing of due diligence.* Therefore, the mere issuance of a bench warrant does not automatically render the defendants unavailable; the Commonwealth must prove in addition to the fact that the bench warrants were issued, that they used due diligence thereafter to try and find the defendants." (emphasis in original)

This approach suffers from the defect that it fails to consider the responsibility of a defendant who has been admitted to bail. Pa.R.Crim.P. 4013 provides:

"When a person is admitted to bail, the conditions of the bail bond shall be that such person will:

(a) appear before the issuing authority or court at all times required until full and final disposition of the case;

(b) submit to all orders and process of the issuing authority or court;

(c) give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change;

(d) comply with any specific requirement of release which may be reasonably imposed by the issuing authority or court to assure compliance with the conditions of bail, such as satisfactory participation in a designated program;

(e) obey such other conditions as the issuing authority or court may impose, or any reasonable conditions as the court bail agency or other designated court bail officer may impose with leave of court."

Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the *defendant's willful failure to appear at the appointed time* it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

The factual situation presented in this appeal is clearly distinguishable from that presented in *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). There, we were concerned with the Commonwealth's due diligence in serving

the warrant of arrest upon the accused. In that setting we held the fact that the defendant was not located would not be treated as excluding any period of time required to ascertain his whereabouts absent a showing that the Commonwealth had exercised due diligence in attempting to locate him. In substance, we were saying that the Commonwealth would not be excused for a delay occurring because it failed to make a reasonable effort to locate the defendant. However, that situation differs from one where the defendant has the obligation to be available and is aware of the appointed time and place where his presence is required.

In *Mitchell* we relied upon the Comment to Rule 1100 which provides:

".   .   . in addition to any other circumstances precluding the availability of the defendant   .   .   ., the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown *and could not be determined by due diligence   .   .   .*" (emphasis added).

In applying the due diligence requirement as to service of a warrant of arrest we recognized that it was the obligation of the police to notify the accused of the issuance of the warrant. *Commonwealth v. Mitchell, supra.* An accused, unaware that process has been issued against him, has no obligation to make himself available. Employing a due diligence criteria in such a situation provides the basis for attributing to the accused any delay that results in his apprehension. Where, however, the accused is aware of his obligation to appear and fails to do so, he may legitimately be held accountable for any resultant delay. Restated, where a warrant of arrest is involved the requirement of due diligence in the service of process is required before blame can be assigned to the suspect. Where the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis. To rule otherwise would permit a defendant who intentionally absented himself from a scheduled court hearing to have the charges against him dismissed if the Commonwealth's ef-

forts to locate him did not measure up to a court's standard of due diligence. Such a result is obviously absurd.

We therefore hold that a defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. In such a case the Commonwealth is entitled to an exclusion of this period under section (d)(1) without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence. The difficulty in resolving this case, however, is that the record before us does not clearly establish whether appellees had been properly served notice of the June 26, 1975 arraignment. The bench warrant was subsequently withdrawn but the reason for its withdrawal is not reflected in the record before us. See n. 1.

We therefore vacate the court's order to dismiss the charges and remand the cause for a further determination as to whether or not the Commonwealth was entitled to the period claimed to be excluded under Rule 1100(d)(1). It is so ordered.

MANDERINO, J., did not participate in the consideration or decision of this case.

LARSEN, J., concurs in the result.