393 A.2d 1012

**COMMONWEALTH of Pennsylvania**

**v.**

**Anthony BASS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Nov. 3, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett. Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a jury trial commenced on March 2, 1976, appellant was convicted of two counts of burglary,[1] four counts of robbery,[2] three counts of rape,[3] involuntary deviate sexual intercourse,[4] possession of an instrument of crime generally,[5] and criminal conspiracy.[6] Appellant had been tried on two sets of indictments arising out of two separate incidents occurring on April 20, 1975. Sentence was deferred pending pre-sentence reports and psychiatric examination. Post-trial motions for new trial, in arrest of judgment, and for dismissal under Pa.R.Crim.P. 1100 were denied. Sentence was imposed on November 9, 1976.

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3701.

3. 18 Pa.C.S. § 3121.

4. 18 Pa.C.S. § 3123.

5. 18 Pa.C.S. § 907.

6. 18 Pa.C.S. § 903.

On appeal, appellant contends that it was error for the lower court to deny his: 1). application to dismiss under Pa.R.Crim.P. 1100; 2). petition to dismiss indictments; and 3). challenges for cause with respect to two jurors who stated that they would have difficulty being fair and impartial.

We agree with appellant's contention that he was not timely tried under Rule 1100, and therefore order judgment of sentence vacated, and appellant discharged.[7]

The facts important to our consideration of the Rule 1100 issue are as follows: In the early morning hours of April 19, 1975, three armed men intruded into the apartment of complainant, and raped and robbed her and two female friends who were with her at the time. The three men then proceeded to rob complainant's neighbor who resided across the hall. Appellant was arrested on April 21, 1975, and complaints were filed against him at that time. The May, 1975 Grand Jury returned two sets of indictments on appellant (Nos. 1644–51 and 1811–14) charging him with rape, involuntary deviate sexual intercourse, burglary, robbery, conspiracy, and possessing instruments of crime. The two sets of indictments took different courses through the judicial system. By December 2, 1975, after periods of delay excluded under Rule 1100(d) or waived by appellant, and extensions granted to the prosecution under Rule 1100(c), the run date for bills Nos. 1644–51 was December 15, 1975, and the run date for bills Nos. 1811–14 was January 29, 1976. The trial date for Nos. 1644–51 was set for December 12, 1975. However, on December 8, 1975, unbeknownst to the prosecution, appellant was surrendered by Philadelphia Police Prison Authorities to the State of New Jersey where he was wanted on a parole violation. The prosecution first learned of appellant's unavailability on December 12, 1975. The prosecution subsequently filed a petition to extend the run date of Nos. 1644–51. On December 15, 1975, the

7. Our finding of merit as to appellant's Rule 1100 claim makes consideration of the other issues raised on appeal unnecessary.

petition was granted, and the run time for Nos. 1644–51 was extended to January 29, 1976.

The Commonwealth, on December 30, 1975, requested temporary custody of defendant from the New Jersey authorities under the Interstate Compact Concerning Detainers.[8] However, in making its request, the Commonwealth did not ask for appellant's return until February 10, 1976, *even though* it was readily apparent that the run date for all bills would have been January 29, unless there was time excludable under Rule 1100(d) or an extension granted under Rule 1100(c).

The case was listed for trial on January 20, 1976, but was relisted by administrative memo with a new trial date being set for February 11, 1976. Appellant was returned to Pennsylvania on February 10, 1976, the date requested by the Commonwealth, and on the next day when the case was to come to trial, the Commonwealth sought and was granted a continuance to February 25, 1976. On that same day, the Commonwealth filed a petition to extend under Rule 1100(c) and appellant filed a petition to dismiss [9] under Rule 1100(f). After a hearing on the motions in front of the Honorable Lisa A. Richette, appellant's petition was denied, and the Commonwealth's petition was granted. The run date was set for April 28, 1976. Trial commenced on March 2, 1976.

Under Rule 1100(c), the Commonwealth can petition the lower court for an extension of time, "[a]t anytime *prior to* the expiration of the period for commencement of trial . . . .. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." (emphasis added). No application for extension will be granted *nunc pro tunc. Commonwealth v. Wharton,* 246 Pa.Super. 498, 378 A.2d 434 (1977).

**8.** Act of September 8, 1959, P.L. 829, No. 324 § 1, *et seq.* (19 P.S. § 1431, *et seq.*)

**9.** By filing this petition, appellant has preserved the Rule 1100 issue. *See, Commonwealth v. Wallace,* 475 Pa. 27, 379 A.2d 558 (1977).

█ The petition to extend made by the Commonwealth on February 11th was filed after the then-existing run date of January 29, 1976. Thus, this petition must be viewed as untimely, and the extension granted by Judge Richette ineffective unless there was a sufficient period of time prior to February 11th which could be excluded from the determination of the period for commencement of trial under Rule 1100(d). *See Commonwealth v. Burton,* 246 Pa.Super. 498, 371 A.2d 946 (1977).

█ The Commonwealth contends that there were at least thirty days between December 12, 1975 and February 11, 1976 which should be excluded because of appellant's unavailability while incarcerated in New Jersey. We do not agree.

Mere incarceration in another jurisdiction does not make appellant unavailable. Appellant will be considered unavailable only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth. *Commonwealth v. Richbough,* 246 Pa.Super. 300, 369 A.2d 1331 (1977), *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 378 A.2d 455 (1977). "There is no question, therefore, that the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere . . . " *Commonwealth v. McCafferty,* 242 Pa. Super. 218, 224, 363 A.2d 1239, 1241 (1976).

The Commonwealth has failed to make a showing of due diligence. The February 11th petition for extension merely set forth a bare assertion that "[d]espite due diligence, the Commonwealth will not be able to try this case within the Rule 1100 run date." [10] The Commonwealth failed to add

10. We note with displeasure that the Commonwealth's petition is precisely the type of form petition we earlier found to be "frustrat[ing to] the intent of Rule 1100, [and] also denegrat[ing to] the procedures prescribed therein." *Commonwealth v. Ray,* 240 Pa.Super. 33, 36, 360 A.2d 925, 927 (1976).

anything to that bare assertion at the hearing on the petition conducted on February 25th, and was unable to supply any reason why it did not seek to obtain appellant's return in time for the then-existing run date of January 29.[11]

Had the appellant or the New Jersey authorities contested the transfer, the time so consumed would have been excluded from the period of Rule 1100. *Commonwealth v. McCafferty, supra.* In the instant case, however, neither appellant nor the New Jersey authorities contested transfer.

We find, therefore, that the Commonwealth's showing of due diligence was woefully insufficient. Without a showing of due diligence, we are unable to find appellant "unavailable" under Rule 1100(d), for mere incarceration in another jurisdiction, in itself, does not prove unavailability.

The judgment of sentence is reversed, and appellant is discharged.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

11. In addition, at the February 25th hearing, Judge Richette erroneously placed the burden of proving the lack of due diligence on appellant.

"THE COURT: But you haven't shown me anything that shows that they (the prosecution) were negligent and that whatever delay was caused was solely attributable to the prosecutor." (NT 17).