428 A.2d 226
**COMMONWEALTH of Pennsylvania,**
**v.**
**James STANGE, Appellant.**
Superior Court of Pennsylvania.
Submitted June 29, 1979.
Filed April 3, 1981.

Edmund J. Scacchitti, Assistant Public Defender, Scranton, for appellant.

Ernest D. Preate, District Attorney, Scranton, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

On August 27, 1974, a criminal complaint was filed against James Stange, the appellant, charging him with robbery, theft and conspiracy. A fugitive warrant was issued since appellant's whereabouts were unknown.[1]

On August 10, 1977, the District Attorney discovered the appellant's location for the first time. He was incarcerated in the Mercer County Jail, Trenton, New Jersey. A detainer was lodged against appellant on August 10, 1977.

Appellant refused extradition, so an extradition proceeding was conducted and the appellant was extradited. On November 4, 1977 the Commonwealth authorities were informed that the appellant was available to be returned to Pennsylvania.

He was returned to Lackawanna County and indicted on December 29, 1977. Trial was scheduled for January 25, 1978.

On January 25, 1978, the appellant applied for a trial continuance. At the time the appellant signed a written

---

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation. Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

1. The appellant does not contest the fact that his whereabouts were unknown between August 27, 1974 and August 10, 1977, and therefore, this period would be excluded under Rule 1100(d) since appellant was unavailable.

waiver of his right to a speedy trial under Pennsylvania Rules of Criminal Procedure 1100. The case was continued until the next term of criminal court which commenced March 28, 1978.

On March 17, 1978 defense counsel filed an application to quash the indictment alleging that 219 days had elapsed since arrest. (Date of detainer was August 10, 1977.) *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974) holds that lodging a detainer constitutes an arrest.

The application was refused. Trial commenced on March 28, 1978 and resulted in a conviction. Post trial motions were refused and appellant has been sentenced and has appealed the denial of his application to quash based on Rule 1100.

## I. WERE THE 180 DAYS OF RULE 1100 MET?

Appellant argues that since 231 days passed from the filing of the detainer and the Commonwealth did not extend the time during the 180 day period, he should be discharged.

The appellant is trying to apply 1100(c) which does require the Commonwealth to extend the 180 day period prior to its running but 1100(d) permits the exclusion from the computation of the 180 day period "such delay at any stage of the proceedings as results from the unavailability of the defendant or his attorney." *Commonwealth v. Jones*, 250 Pa.Super. 471, 378 A.2d 1245 (1977).

To correctly compute the period for which the 180 days are applicable, 231 days are counted and from this total, 86 days must be deducted leaving a net period of 145. The 86 days are the period between August 10, 1977 and November 4, 1977 when the appellant was not available.

■ "Mere incarceration in another jurisdiction does not make appellant unavailable." *Commonwealth v. Bass*, 260 Pa.Super. 62, 66, 393 A.2d 1012, 1014 (1978); *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977). "Appellant will be considered unavailable only for the period of time during which his presence could not be secured despite due

diligence by the Commonwealth." *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. Kovacs*, supra.

*Commonwealth v. Richbourgh*, supra, is similar to the present case. Here the defendant was incarcerated in South Carolina, a fact the police learned on November 14, 1975. On November 21, 1975, the police were further advised that the defendant refused to waive extradition. It was not until December 23, 1975 that defendant changed his mind and decided to waive extradition. Defendant was returned to Allegheny County on December 31, 1975. The Court ruled that the defendant was unavailable from November 14, 1975 until December 23, 1975 and therefore this period of time was excluded in computing the 180 days.

Based on this case, we must conclude that appellant, James Stange, was brought to trial in compliance with Rule 1100.

The appellant also argues that the waiver he executed on January 25, 1978 was invalid but this argument is moot in light of the above ruling.

Judgement of sentence affirmed.