434 A.2d 767

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kevin Douglas HENRY.**

Superior Court of Pennsylvania.

Argued March 9, 1981.

Filed Sept. 4, 1981.

Petition for Allowance of Appeal Denied Jan. 11, 1982.

310

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Francis M. Walsh, Assistant Public Defender, Norristown, for appellee.

Before HESTER, DiSALLE and MONTGOMERY, JJ.

DiSALLE, Judge:

This is an appeal by the Commonwealth from the lower court's dismissal of the charges against appellee, Kevin Henry, under Pa.R.Crim.P. 1100(a)(2).[1]

On September 9, 1979, and September 13, 1979, criminal complaints were filed against appellee charging him with three burglaries and other ancillary offenses. Appellee's run dates, therefore, were March 7 and 11, 1980. On September 18, 1979, a preliminary hearing was held, and all charges were returned to court. Appellee posted bail and on the appropriate bail form gave his address as 211 Simpson Road, Ardmore, Pennsylvania. On October 31, 1979, appellee appeared in court and waived his arraignment. On December 6, 1979, at the call of the trial list, appellee's counsel stated that they were prepared for trial. In fact, appellee was incarcerated in the State of Delaware, unavailable for trial. The Commonwealth was unaware of appel-

1. Pa.R.Crim.P. 1100(a)(2) provides:
"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

lee's incarceration because appellee had failed to give proper notice of his new address in Delaware. Pa.R.Crim.P. 4013(c).[2] Not until February 6, 1980, when appellee's case was called for trial, did the Commonwealth learn of appellee's unavailability. On that date, a bench warrant was issued for appellee. On February 19, 1980, a request for temporary custody of appellee was filed with the Delaware authorities. 42 Pa.C.S.A. 9101, et seq. The next day the Commonwealth filed for and was granted an extension to commence trial 120 days from the time appellee was apprehended.[3] On May 1, 1980, the Commonwealth received custody of appellee. On July 24, 1980, appellee's case was called for trial. The lower court found that the Commonwealth had failed to comply with Pa.R.Crim.P. 1100 and ordered the case dismissed.

■ The Commonwealth contends that although 319 days elapsed between the date when the first complaint was filed against appellee and the date of his trial, the proceedings were nevertheless timely because appellee was unavailable for trial for a period of 147 days. Pa.R.Crim.P. 1100(d)(1).[4] We agree. Although appellee was not available for trial at the call of the list on December 6, 1979, his counsel knowing-

2. Pa.R.Crim.P. 4013(c) provides:
"When a person is admitted to bail, the conditions of the bail bond shall be that such person will:
\*     \*     \*     \*     \*     \*
(c) give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change...."

3. The lower court properly held this extension to have been improperly granted because neither appellee nor his counsel had been served with the Petition for an Extension of Time. Pa.R.Crim.P. 1100(c).

4. Pa.R.Crim.P. 1100(d)(1) provides:
"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at *any stage of the proceedings* as results from:
"(1) The unavailability of the defendant or his attorney...." (emphasis added).

ly misrepresented that appellee was available.[5]   Had the Commonwealth been informed at that time that appellee was incarcerated in Delaware, it could have begun proceedings to have appellee returned to the Commonwealth.   Because the Commonwealth was misinformed, the period between the call of the list and appellee's return to Montgomery County may not be charged against the Commonwealth. *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978).

We find, therefore, that appellee was unavailable for trial from December 6, 1979 until May 1, 1980, a total of 147 days. It follows, therefore, that appellee was brought to trial 172 days after the first complaint was filed against him, which is in compliance with Pa.R.Crim.P. 1100.

Order reversed and case remanded for trial.

5.   As noted, appellee's failure to notify the appropriate authorities of his change of address also contributed to the delay.