472 A.2d 1141

COMMONWEALTH of Pennsylvania

v.

**Joseph BYRD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1983.

Filed March 9, 1984.

326

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before SPAETH, President Judge, and CAVANAUGH and HOFFMAN, JJ.

SPAETH, President Judge:

This is an appeal from a judgment of sentence for forgery, altered, forged or counterfeit documents and plates and attempted theft by deception. Appellant makes two arguments in support of his contention that his right to a

speedy trial was violated. Because we find both arguments meritless, we affirm.

The complaint was filed on September 17, 1980. Therefore, under Rule 1100, the Commonwealth was required to bring appellant to trial by March 16, 1981. However, on August 5, 1981, by an order not challenged here, the time for trial was extended to December 21, 1981, and the case was listed for trial on October 16, 1981. Also on August 5, appellant was held for court and permitted to sign his own bail.

On October 14, 1981, appellant, who was in custody in the Philadelphia county prison on other charges, advised his prison social worker that his case was listed for trial on October 16. The social worker notified the Clerk of Courts Office of the Philadelphia Common Pleas Court of appellant's location and requested a "bringdown" so that on October 16 appellant would be transported from the county prison to court.

Despite the social worker's request, appellant was not transported to court on October 16, and a bench warrant was therefore issued. When it was learned at the bench warrant hearing that appellant had been in custody, the bench warrant was withdrawn. The Trial Commissioner then scheduled the case for January 7, 1982 (beyond the December 21, 1981, run-date), adding "EPD" (earliest possible date) below the new trial date on the court continuance sheet.

On November 12, 1981, the Commonwealth filed a petition under Rule 1100 to extend the time within which to commence trial. After hearing on the petition, the trial court excluded 13 days, on the ground of appellant's unavailability between October 16 and October 29; calculated an amended run-date of January 4, 1982;[1] and granted an extension permitting appellant to be tried on or before January 18, 1982. Appellant was tried on January 7, 1982.

1. The 13 excludable days extended the run-date to Sunday, January 3, 1982. In computing time, "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday

Appellant's first argument is that the trial court erred in excluding 13 days. Rule 1100(d) allows any period of delay that results from the unavailability of a defendant to be excluded in determining the period for commencement of trial. Appellant argues that since he was in custody when the bench warrant was issued and the Clerk of Courts Office had been notified of his location, and since there was no showing that the Commonwealth could not have determined his location through the exercise of due diligence, the 13 days should not have been excluded.

 We are not persuaded by this argument. When a defendant who is on bail and who has notice of a scheduled court proceeding in his case fails to appear in court at the appointed time, he has violated the conditions of his bail, and the Commonwealth is entitled to count any period of delay as excludable time under Rule 1100(d); a showing of due diligence is not required. *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978). Upon his incarceration, appellant should have notified the Commonwealth of his change of address. *Commonwealth v. Williams*, 299 Pa. Super. 226, 445 A.2d 537 (1982). Appellant's notification to his prison social worker, who, in turn, notified the court of appellant's location, did not satisfy the requirement of Pa.R. Crim.P. 4013(c), which requires *written* notice to the "issuing authority, the clerk of courts, the district attorney and the court bail agency...." As Justice NIX stated in his Opinion in Support of Remand in *Commonwealth v. Patrick*, 487 Pa. 16, 21–22, 407 A.2d 382, 385 (1979): "Appellant's assertion that he notified his probation officer of his address change, even if true, would not satisfy the requirement of rule 4013(c) ...." Although appellant's social worker did notify the Clerk of Courts Office to request a bringdown, no evidence indicates that the District Attorney was aware of appellant's detention. Indeed, when the bench warrant was requested, the assigned Public Defender present in the courtroom did not object to the Common-

by the laws of this Commonwealth or of the United States, such days shall be omitted from computation." 1 Pa.C.S.A. § 1908.

wealth's request nor did he advise the Commonwealth's attorney that appellant was being held in custody.

■ Here appellant took a risk that he could notify the proper authorities by means other than those required by Rule 4013(c). Had appellant been successful, his "unavailability" would never have become an issue in this case. However, appellant was not successful and we are therefore asked to find that appellant's attempted notification somehow negates the finding of his "unavailability." We find no reason to accept appellant's argument; to do so would mean rewarding him for failing to do what he should have done and compromising judicial efficiency by allowing the result of this failure to delay his trial.

Appellant's second argument is that the trial court erred in extending the time for trial to January 18, 1982. A petition to extend the time for commencement of trial under Pa.R.Crim.P. 1100 may be granted

> only upon a record showing: (1) the "due diligence" of the prosecutor, and (2) certification that trial is scheduled for the earliest date consistent with the court's business
> . . .

*Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345 (1976). The question, therefore, is what the record here shows.

At the hearing on the petition for an extension, before the trial on January 7, 1982, the assistant district attorney stated the Commonwealth's position that there were 13 excludable days, bringing the new run-date to January 4, 1982, and also, that there were grounds for an extension from January 4 to January 7:

> . . . it's our further position that we would call—we could call Dave Lawrence, who would stipulate that he got the earliest possible date consistent with the Court's business. N.T. 4.

Defense counsel did not challenge this assertion.

According to appellant, the record contains no support for the extension other than the bench warrant. The trial court states in its opinion that there was a stipulation that after

the bench warrant was withdrawn, January 7 was the earliest possible date consistent with the court's business. Appellant responds that the notes of testimony do not disclose any stipulation. It seems likely that the trial court regarded defense counsel's failure to challenge the assistant district attorney's statement, which we have just quoted, as equivalent to a stipulation. We need not consider whether this was justified, for even without a stipulation, the record is sufficient to justify the extension.

■ Before explaining this conclusion, we note that the Commonwealth argues that appellant has waived his claim that the prosecutor failed to demonstrate that the case could not have been listed earlier than January 7, 1982. However, when the trial court granted the extension, defense counsel immediately moved to dismiss. N.T. 42. Moreover, counsel preserved the issue for appeal by specifically incorporating in his oral post-trial motions "all arguments made prior to trial." N.T. 76. Thus, appellant has not waived his claim, and we shall examine it on its merits.

"The Commonwealth has the burden, by the preponderance of the evidence, of showing it has met the requirements of Rule 1100(c)." *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979). "In reviewing the lower court's ruling that the Commonwealth has or has not met its burden of proving due diligence, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted." *Commonwealth v. Sharp*, 287 Pa.Super. 314, 317, 430 A.2d 302, 304 (1981).

The Commonwealth relies on the Trial Commissioner's entry in the court file made when the bench warrant was withdrawn and the case was continued, that January 7, 1982, was the "EPD" (earliest possible date). The Commonwealth argues in its brief that this notation, "EPD", establishes the Commonwealth's diligence in bringing appellant to trial.

■ While mere assertions of due diligence and unsupported allegations of fact do not establish cause for an

extension of time under Rule 1100(c), *Commonwealth v. Ehredt, supra; Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 390 A.2d 1366 (1978), here we find sufficient evidence of due diligence to justify the extension. It is true that Lawrence did not, in fact, testify that January 7, 1982, was the earliest possible date consistent with the court's business. However, the Quarter Sessions file was moved into evidence by the Commonwealth, without objection from defense counsel, and since it was admitted, it is part of the Commonwealth's evidence, and therefore within the scope of our review. A court may properly take judicial notice of uncontested notations in the court record. *Commonwealth v. Lewis,* 319 Pa.Super. 33, 465 A.2d 1038 (1983); *Commonwealth v. Harris,* 315 Pa.Super. 544, 462 A.2d 725 (1983); *Commonwealth v. Bright,* 303 Pa.Super. 98, 449 A.2d 596 (1982). Here, the notation, "EPD", when considered in the context of the unchallenged offer regarding Lawrence, is sufficient evidence that the Commonwealth secured the earliest available date. This conclusion is reinforced by *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983), in which our Supreme Court said:

> Rule 1100 should not be construed to require Common Pleas Courts with backlogged criminal dockets to devote all their administrative and judicial resources to guarantee that every defendant is tried within the period prescribed by the Rule. It should be sufficient for the court to establish that it has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the criminal trial at the earliest possible date consistent with the court's business. While the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, or one that implicates the constitutional right to a speedy trial, it should not be required to do so to avoid a delay of under 30 days as here.

502 Pa. at 402–03, 466 A.2d at 1014 (footnotes omitted).
Affirmed.