488 A.2d 602

## COMMONWEALTH of Pennsylvania

### v.

### Tyrone HAYNES, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 3, 1984.

Filed Jan. 4, 1985.

Reargument Denied March 18, 1985.

166

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

DEL SOLE, Judge:

The sole issue raised in the instant appeal is whether the Appellant was tried in the Philadelphia Municipal Court within the time constraints imposed under Rule 6013 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Cr.P. 6013. Since we find that Appellant was not tried within the time period set forth by Rule 6013, the judgment of sentence is reversed and Appellant is discharged.

The Appellant, Tyrone Haynes, was arrested on July 18, 1981, and charged with aggravated assault, simple assault and reckless endangerment of a person arising out of an altercation in a laundromat in Philadelphia. The preliminary arraignment was held on July 19, 1981, at which time a trial date was set for August 12, 1981 in Philadelphia Municipal Court. On August 12, 1981, Appellant, through counsel, requested and was granted a continuance until September 29, 1981. On September 29, 1981 the Appellant did not appear, a bench warrant was issued and the Commonwealth orally requested an extension of time for trial under Rule 6013. The record establishes the Commonwealth knew that as of October 16, 1981, Appellant was in the custody of the United States Army in the stockade at Fort Dix, New Jersey on the charge of being away without leave (AWOL).

On or about March 24, 1982, the Appellant was arrested in Philadelphia and accorded a bench warrant hearing on March 26, 1982. The record is silent as to the whereabouts or actions of Appellant between October 16, 1981 and March 24, 1982, nor does it state the date Appellant was released from Army custody. When asked by the trial court the Commonwealth was unable and the Appellant unwilling to

give such information. In any case, Appellant was given a trial date of May 17, 1982, at the bench warrant hearing. For some reason, Appellant was not brought to court on the new date for trial and the case was continued until June 18, 1982. On June 18, 1982, Appellant's counsel withdrew and the Defender Association of Philadelphia was appointed. A defense continuance was granted until August 3, 1982. On that date, the trial court granted the Commonwealth's oral motion to extend under Rule 6013 and denied Appellant's motion to dismiss for failure to comply with Rule 6013. Immediately after, the Appellant was tried and convicted and then sentenced to two years probation.

On August 17, 1982, Appellant filed a petition for a writ of certiorari to the Philadelphia County Court of Common Pleas requesting that said court order the Philadelphia Municipal Court to certify and send a complete transcript to the Common Pleas Court and that his conviction be reversed and he be discharged based on an alleged violation of Rule 6013. On July 6, 1983, the petition for a writ of certiorari was denied after which Appellant filed this timely appeal.[1]

On June 28, 1974, the Supreme Court of Pennsylvania adopted Rules of Criminal Procedure for the Philadelphia Municipal Court effective July 1, 1974. Pa.R.Cr.P. 6000–6013. In doing so the Court prescribed certain rules of criminal procedure applicable only to cases instituted or transferred to the Philadelphia Municipal Court. Rule

---

1. While the procedural device of a writ of certiorari has been abolished by the Pennsylvania Supreme Court as a method of appealing a summary conviction before a district magistrate, Pa.R.Cr.P. 67(g), this Court had held that the writ of certiorari is alive and well in the Municipal Court of Philadelphia and that the Philadelphia County Court of Common Pleas may continue to issue writs of certiorari to the Philadelphia Municipal Court in non-summary criminal cases. *Commonwealth v. Poindexter*, 248 Pa.Super. 564, 567, n. 2, 375 A.2d 384, 386, n. 2 (1977). Since the instant case is a non-summary criminal case over which the Philadelphia Municipal Court has jurisdiction the petition for writ of certiorari by Appellant was procedurally proper. In addition, Appellant's appeal of the denial of the writ within 30 days of the denial makes the appeal timely. Accordingly, the appeal of the denial of the petition for a writ of certiorari by the Philadelphia County Court of Common Pleas is properly before this Court.

6013(a)(2) provides that trial in a Municipal Court case in which preliminary arraignment is held after June 30, 1975, shall commence no later than 120 days from the date on which the preliminary hearing is held. Subsection (c)(1) allows the Commonwealth to file a petition to extend the time for commencement of trial and subsection (d) prescribes that in determining the period for commencement of trial the following time is excluded: any period of time for which the defendant is unavailable or any time period covered by a defense continuance. Thus, Rule 6013 is remarkably similar to Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Pa.R.Cr.P. 1100. We will accordingly review the instant case in a manner similar to Rule 1100 cases.

Appellant concedes that certain time must be excluded from the calculation of the period for commencement of trial under Rule 6013. Since Appellant was arrested on July 19, 1981, the mechanical run date for Rule 6013 was November 16, 1981. Appellant agrees that the period from August 12, 1981 until September 29, 1981, must be excluded because of the defense continuance and that the period of September 29, 1981 until October 16, 1981, should be excluded because of the Appellant's unavailability, for a total of 66 excluded days. However, Appellant contends that the time period between the date the Commonwealth knew Appellant was in Army custody, October 16, 1981, and the date of Appellant's later arrest, March 24, 1982, cannot be excluded because the Commonwealth failed to exercise due diligence in obtaining the custody of Appellant from the Army. In fact, Appellant argues that the Commonwealth did absolutely nothing to secure his custody from the Army and did not know his exact whereabouts during the period of October 16, 1981, until March 24, 1981. This, the Appellant contends, violates the Commonwealth's duty to use due diligence under Rule 6013 to obtain custody of an accused who is in custody in another jurisdiction. The Commonwealth's position is that the Appellant voluntarily absented himself from the jurisdiction of the Philadelphia Municipal

Court and failed to inform the court as to his whereabouts violating a provision of his bail agreement. On this basis, the Commonwealth contends we should find that the Appellant was unavailable within the meaning of Rule 6013 and thus exclude the period of September 29, 1981 until March 24, 1981, from the determination of the period for commencement of trial under Rule 6013.

 It is well settled in this Commonwealth that mere incarceration in another jurisdiction does not make a defendant "unavailable" within the meaning of Rule 1100(d) in the determination of whether to exclude a period of time in the computation of the 180 day period for the commencement of trial. *Commonwealth v. Stange,* 286 Pa.Super. 38, 428 A.2d 226 (1981); *Commonwealth v. Emmett,* 274 Pa. Super. 23, 417 A.2d 1232 (1979). The defendant will only be "unavailable" under Rule 1100(d) for the period of time during which his presence cannot be secured despite the due diligence of the Commonwealth. *Commonwealth v. Stange, supra.* Further, the Commonwealth has the burden of proving the defendant's unavailability by a preponderance of the evidence. *Commonwealth v. Wroten,* 305 Pa.Super. 340, 451 A.2d 678 (1982). However, due diligence does not require perfect vigilance and care, but rather a reasonable effort. *Commonwealth v. Polsky,* 493 Pa. 402, 426 A.2d 610 (1981). Since Rule 6013 is similar to Rule 1100 we find the case law to be equally applicable to both rules.

The record reveals that the Commonwealth "knew" on October 16, 1981, that Appellant was incarcerated in Fort Dix, New Jersey in the custody of the United States Army. It was, thus, incumbent on the Commonwealth to make reasonable efforts to secure Appellant's return to Pennsylvania. However, the record fails to show that the Commonwealth made any effort to secure Appellant's custody and only arrested him through an apparent fortuitous consequence, although the record is not clear as to the circumstances surrounding the arrest. The only thing that is clear from the record is that custody of the Appellant was not secured directly from the Army.

At the pre-trial hearing on Appellant's motion to dismiss under Rule 6013 the Commonwealth stated that it did not seek custody of Appellant because it believed that the Army would not return Appellant. However, there is no objective evidence in the record to support this belief. The subjective belief of the Commonwealth is not enough to sustain its burden of due diligence. On appeal, the Commonwealth has abandoned the above argument and instead argues that its duty of due diligence was vitiated by the Appellant's violation of his bail agreement in leaving the jurisdiction and not reporting his whereabouts. The Commonwealth cites certain decisions of this Court in support of its position, specifically, *Commonwealth v. Byrd*, 325 Pa. Super. 325, 472 A.2d 1141 (1984); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983); and, *Commonwealth v. Williams*, 299 Pa.Super. 226, 445 A.2d 537 (1982). However, these cases are distinguishable from the case at bar. In the cases cited by the Commonwealth the accused was incarcerated in another jurisdiction, but the Commonwealth did not know the whereabouts of the accused. In such cases we have found the accused to be "unavailable" within the meaning of Rule 1100. However, in the instant case the Commonwealth knew where Appellant was incarcerated, and in such cases we have required a showing of due diligence in seeking the custody of the accused before we deem the accused "unavailable". As we have already noted the Commonwealth has failed to meet its burden of proving due diligence.

Accordingly, we find that the days between October 16, 1981 and March 24, 1982, are not excludable from the calculation of the time for commencement of Appellant's trial under Rule 6013. Since the number of days between the above two dates totals 160 it becomes obvious that Appellant was not tried within 120 days from his preliminary hearing. If the days Appellant concedes are excludable are added to the mechanical run date of November 16, 1981, the new run date was January 21, 1982. Appellant should have been tried on or before that date, and since he

was not, the judgment must be vacated and Appellant discharged.

Judgment of Sentence vacated. Appellant discharged.

JOHNSON, Judge, dissenting:

Because I conclude that the days between October 1, 1981 and March 24, 1982 are excludable from the calculation of the time for commencement of Appellant's trial under Pa.R. Crim.P. 6013, I respectfully dissent.

Rule 6013(a)(2) provides that "(t)rial in a Municipal Court case in which a preliminary arraignment is held after June 30, 1975, shall commence no later than one hundred twenty (120) days from the date on which the preliminary arraignment is held." Appellant Haynes was arrested on July 18, 1981. His preliminary arraignment was held July 19, 1981 and bail was posted on his behalf that same day. Rule 4013 of the Pennsylvania Rules of Criminal Procedure provides in pertinent part:

**Conditions of Bail**

When a person is admitted to bail, the conditions of the bail bond shall be that such person will:

(a) appear before the issuing authority or court at all times required until full and final disposition of the case;

. . . .

(c) give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change;

. . . .

It is well-settled that a criminal defendant, who accepts the status of bail during the pendency of court proceedings, assumes the responsibility of full compliance with the conditions of bail. *Commonwealth v. Williams*, 299 Pa.Super. 226, 445 A.2d 537 (1982).

While I agree with the majority that cases decided under Pa.R.Crim.P. 1100 may be cited as authority in cases deal-

ing with Rule 6013, the majority overlooks several such cases which support the Commonwealth's position. In *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978), our supreme court acknowledged that the burden of proving due diligence in bringing a defendant to trial within the prescribed time is ordinarily upon the Commonwealth. However, "(w)here the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis." *Id.*, 481 Pa. at 355, 392 A.2d at 1331.

> Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the *defendant's willful failure to appear at the appointed time* it is obviously not the type of harm envisioned in the protection sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

*Id.*, 481 Pa. at 354, 392 A.2d at 1330 (emphasis in original). The court went on to hold that a defendant on bail, who fails to appear at a court proceeding of which he has been properly notified, is unavailable from the time of that proceeding until such time as he is subsequently apprehended or voluntarily surrenders himself. *"In such a case the Commonwealth is entitled to an exclusion of this period under [Pa.R.Crim.P. 1100(d)(1)] without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence." Id.*, 481 Pa. at 356, 392 A.2d at 1331 (emphasis added).

Furthermore, Appellant's obligation to appear at the September 29th hearing, or to notify the Commonwealth in the

event of his inability to appear, was not excused by virtue of the fact that he was incarcerated at Fort Dix, New Jersey. In *Commonwealth v. Williams,* 299 Pa.Super. 226, 445 A.2d 537 (1982), we held that a defendant on bail has an obligation under Rule 4013(c) to notify the Commonwealth of his change of address upon being incarcerated, and that a criminal defendant on bail, who willfully absents himself from a proceeding of which he had notice, is precluded from relying on the concept of due diligence afforded by a speedy trial guarantee. *Id.,* 299 Pa.Superior Ct. at 231, 445 A.2d at 539.

As recently as this year, in *Commonwealth v. Byrd,* 325 Pa.Super. 325, 329, 472 A.2d 1141, 1143–44 (1984), we stated:

When a defendant who is on bail and who has notice of a scheduled court proceeding in his case fails to appear in court at the appointed time, he has violated the conditions of his bail, and the Commonwealth is entitled to count any period of delay as excludable time under Rule 1100(d); *a showing of due diligence is not required. Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978). Upon his incarceration, appellant should have notified the Commonwealth of his change of address. *Commonwealth v. Williams,* 299 Pa.Super. 226, 445 A.2d 537 (1982) (emphasis added).

In *Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983), we said that when a defendant, who is on bail and who has notice of a scheduled court proceeding in his case, fails to appear in court at the appointed time, he has violated the conditions of bail and the Commonwealth is entitled to count any resulting period of delay as excludable time under Rule 1100(d)(1). *"Furthermore the delay is excludable even without a showing by the Commonwealth that it has exercised due diligence to locate a defendant."* 317 Pa.Super. at 421, 464 A.2d at 392–93 (emphasis added). *See also Commonwealth v. Lyles,* 315 Pa.Super. 194, 461 A.2d 1237 (1983); *Commonwealth v. Ressler,* 308 Pa.Super. 438, 454 A.2d 615 (1982) ("[I]t is not the intention of Rule

1100 to benefit a defendant who fails to live up to the requirements of bail."); *Commonwealth v. Minoske,* 295 Pa.Super. 192, 441 A.2d 414 (1982); *Commonwealth v. Henry,* 290 Pa.Super. 309, 434 A.2d 767 (1981).

Appellant agrees that the time period between September 29, 1981, the date on which Appellant failed to appear, and October 16, 1981, when the Commonwealth learned of his whereabouts, is excludable time. Appellant, contends, however, that once the Commonwealth learned of his incarceration in another jurisdiction the Rule 6013 "clock" once again commenced running, and that the Commonwealth must now demonstrate by a preponderance of the evidence that it acted with due diligence thereafter to obtain Appellant Haynes and bring him to trial.

Cases cited by the Appellant stand for the proposition that if time during which a defendant is incarcerated in another jurisdiction is to be excludable time, the Commonwealth must prove by a preponderance of the evidence that, despite due diligence, the presence of the defendant could not be secured. *See Commonwealth v. Roman,* 494 Pa. 440, 431 A.2d 936 (1981); *Commonwealth v. Pichini,* 308 Pa.Super. 425, 454 A.2d 609 (1982); *Commonwealth v. Bass,* 260 Pa.Super. 62, 393 A.2d 1012 (1978); *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 378 A.2d 455 (1977). In none of these cases, however, at the Rule 1100 hearing, was the judge required to decide the issue of the Commonwealth's due diligence without some knowledge of defendant's continuing availability at a fixed location.

Some mention of what transpired during the hearing on the Rule 6013 motion in the Municipal Court of Philadelphia is appropriate. The record is quite vague respecting Appellant's term in federal custody. Mr. Remmler, counsel for the defendant at the hearing, submitted that he did not know the exact date upon which Appellant was taken into federal custody (N.T., 8/3/82 at 9); and, when asked, defense counsel twice declined to advise the court as to the date of Appellant's release from Fort Dix prison, stating that it was counsel's belief that the Commonwealth had the

burden of proof in that regard. (N.T., 8/3/82 at 9–10). Furthermore, as Appellant Haynes did not, himself, testify on the Rule 6013 motion, at the time the motion was denied there had been no testimony before the court whatsoever respecting the term of Appellant's incarceration in Fort Dix military prison.

We have, therefore, been provided with minimal facts respecting the length of Appellant's term of imprisonment at Fort Dix. With the exception of only one day, October 16, 1981, we cannot at all be certain of Appellant's where-abouts and this, it seems to me, is fatal to the majority's analysis. If Appellant wishes to assert that the Common-wealth, having learned of Appellant's incarceration in an-other jurisdiction, then has a burden to show, by a prepon-derance of the evidence, that it exercised due diligence to bring Appellant to trial, then the burden should first be upon Appellant to come forward with sufficient facts to enable the court to properly consider the conduct of the Commonwealth under the circumstances. As indicated above, Appellant at the Rule 6013 hearing declined to do so.

Furthermore, Appellant had availed himself of Pa.R. Crim.P. 4013, which provided him with the means by which he was able to enjoy his freedom while awaiting the onset of trial proceedings. Having accepted the status of bail, Appellant assumed the responsibility of making himself available for any court appearances which might be re-quired of him in connection with the action, upon receipt of reasonable notice. *Commonwealth v. Cohen, supra.* To focus solely upon the conduct required of the Common-wealth in a case where a defendant has willingly assumed a corresponding obligation not only ignores the defendant's dereliction of that obligation, but also places him in a position to benefit from his own wrongdoing.

Accordingly, I would affirm the holding of the court below [1] that the entire period from September 29, 1981 (the

1. The trial court also found the 54 days between March 24, 1982 and May 17, 1982, the earliest possible time to reschedule the trial, to be excludable. As Appellant's trial was held well within the time allow-

date upon which, in violation of his bail agreement, Appellant Haynes failed to appear in court) through March 24, 1982 (the date upon which Appellant Haynes was subsequently apprehended) is excludable from the calculation of time for commencement of Appellant's trial under Rule 6013.

able under Rule 6013 without consideration of this additional time period, I express no opinion in this regard.