J-S08009-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN PHILLIPS, | : | |
| | : | |
| Appellant | : | No. 853 EDA 2014 |

Appeal from the Judgment of Sentence February 21, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. MC-51-MD-0000283-2014

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:            **FILED FEBRUARY 18, 2015**

John Phillips ("Phillips") appeals from the February 21, 2014 judgment of sentence entered by the Philadelphia County Court of Common Pleas following a finding of direct criminal contempt for Phillips' failure to appear for trial.  Upon review, we affirm.

The record reflects that on February 21, 2014, Phillips appeared before the trial court for a contempt hearing based upon allegations that he failed to appear for a separate criminal trial on December 20, 2013.  N.T., 2/21/14, at 2.  The trial court began the proceeding by reading into the record entries from the quarter sessions file, which indicated "prior FTA from 6/24/13 until 7/24/2013.  FTA beginning 12/20/13 and retro [c]ontempt."  *Id.*  Counsel for Phillips objected to this information on hearsay grounds.  *Id.*  The trial court overruled the objection.  *Id.*  The Commonwealth

presented no testimony or other evidence. ***See id.*** at 2-4. After Phillips was unable to present evidence to explain his absence during the reported timeframe, the trial court found him in contempt and sentenced him to ten to twenty days of incarceration, with immediate parole after ten days. ***Id.*** at 4.

Phillips filed a timely notice of appeal, followed by a concise statement of errors complained of on appeal, as ordered by the trial court. He raises one issue for our review: "Did not the lower court err in admitting the criminal docket, which constituted hearsay, where not even the physical document was produced in court, and the information the court deemed relevant to the hearing was simply read into the record from a computer screen?" Phillips' Brief at 3.

We review challenges to the admissibility of evidence according to the following standard:

> Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion. Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record.

***Commonwealth v. Akbar***, 91 A.3d 227, 235 (Pa. Super. 2014) (citation omitted).

In its written opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court states that the issue Phillip raises on appeal is waived, as he failed to raise it in a pretrial motion or make a timely objection to the admission of the evidence. Trial Court Opinion, 8/1/14, at 4. As our recitation of the facts above reveals, this is incorrect, as counsel for Phillips lodged a timely and specific objection on hearsay grounds to the trial court's reliance on the quarter sessions record, thus preserving the issue for appeal. **See** N.T., 2/21/14, at 2; **see also Akbar**, 91 A.3d at 235 ("to preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings").

Nonetheless, we find no abuse of discretion. **See Commonwealth v. Brooker**, 103 A.3d 325, 340 n.10 (Pa. Super. 2014) ("We may affirm the trial court on any legal basis supported by the record."). Pennsylvania Rule of Evidence 201(b) states that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b). This Court has previously found that "[a] court may properly take judicial notice of uncontested notations in the court record." **Commonwealth v. Byrd**, 472 A.2d 1141, 1145 (Pa. Super. 1984); **see**

*also Hawkey v. Workmen's Comp. Appeal Bd.*, 425 A.2d 40, 42 n.3 (Pa. Cmwlth. 1981) ("A court may take judicial notice of its own records.").

Although Phillips objected, on hearsay grounds, to the quarter sessions record, he did not contest the accuracy of the relevant docket entries, i.e., he did not claim that he was in fact present for court on December 20, 2013. *See* N.T., 2/21/14, at 2-3.  Therefore, the trial court could properly rely upon the uncontested docket entries, which revealed that Phillips failed to appear for trial on December 20, 2013.  *See id.* at 2; *Byrd*, 472 A.2d at 1145.

As Phillips does not raise any additional issues regarding his conviction of direct criminal contempt, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/18/2015</u>