J-S22009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARYN SIMMONS | : | |
| | : | |
| Appellant | : | No. 967 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 4, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000173-2018

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                **FILED: SEPTEMBER 26, 2023**

Appellant, Daryn Simmons, appeals from the August 4, 2022 judgment of sentence entered in the Court of Common Pleas of Washington County that imposed an aggregate sentence of 3 days to 6 months' incarceration. Appellant was also ordered to pay $1,550.00 in fines after the trial court, in a non-jury trial, convicted Appellant of driving under the influence of alcohol or controlled substance – Schedule I controlled substance (marijuana) ("DUI"), following too closely, and careless driving.[1]  We affirm.

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), 3310(a), and 3714(a), respectively.

On his DUI conviction, Appellant was sentenced to 3 days to 6 months' incarceration, as well as ordered to pay a $1,500.00 fine, undergo a drug and alcohol evaluation and comply with any recommended treatment, and complete alcohol highway safety school.  The trial court also suspended Appellant's operating privileges for a period of 12 months and ordered, upon restoration of his operating privileges, that Appellant be subject to Ignition

The trial court summarized the procedural history as follows:

On November 22, 2017, Pennsylvania State Police Trooper Brendon Weaver filed a criminal complaint against [Appellant] for an incident that occurred on October 28, 2017[,] in Cecil Township[, Pennsylvania]. Thereafter, the Commonwealth filed a bill of information[, on March 28, 2018,] charging [Appellant with the aforementioned criminal [offenses], as well as driving under influence of alcohol or controlled substance – metabolite of substance (marijuana), 75 Pa.C.S.A. § 3802(d)(1)(iii), driving under influence of alcohol or controlled substance - impaired ability, 75 Pa.C.S.A. § 3802(d)(2), and drivers required to be licensed, 75 Pa.C.S.A. § 1501(a).] Due to [Appellant's] failure to appear for his preliminary hearing on January 19, 2018, the [trial] court issued a bench warrant. On April 26, 2018, [Appellant] appeared before [the trial court.] The [trial] court granted [Appellant] a continuance so that he could obtain an attorney and vacated the bench warrant. Additionally, the [trial] court informed [Appellant] on the record that his next hearing was scheduled for June 7, 2018. Notably, [Appellant] stated on the record that he knew that he was due back in court on that date, and that he wouldn't forget the date. [Appellant] also discussed with the [trial] court that he had not been receiving mail, but that he fixed this problem so that he would receive future notice[s] of his hearings. Nonetheless, [Appellant] did not show up for court on June 7, [2018,] and a bench warrant [was again] issued. [Appellant] was not located for an extended period of time.

It was not until more than three years later that [Appellant] was located and apprehended. [On] August 27, 2021, the Public Defender's Office [of Washington County] entered its appearance on [Appellant's] behalf, and the [trial] court held a bench warrant hearing. At said hearing, the [trial] court vacated [its most recent] bench warrant and released [Appellant] on an unsecured bail. The [trial] court also scheduled a plea hearing for September 24, 2021. On that date, [Appellant] requested another

Interlock for a period of 12 months. Appellant was awarded 3 days credit for time served and was immediately paroled.

The trial court imposed a $25.00 fine on each of Appellant's summary convictions – following too closely and careless driving.

continuance so that his counsel could have time to prepare the instant [Pennsylvania Rule of Criminal Procedure] 600 motion. As a result, the plea [] hearing was rescheduled to December 17, 2021. [Appellant] presented [a Rule 600] motion on October 6, 2021, and the [trial] court heard oral argument on the motion on December 13, 2021. After the hearing, the [trial] court ordered the parties to submit briefs on the matter within [30] days. On December 17, 2021, [Appellant] filed yet another continuance, and the plea hearing was rescheduled for February 17, 2022.

Trial Court Opinion, 2/7/22, at 1-2 (extraneous capitalization, footnote, and record citations omitted).

On February 7, 2022, the trial court denied Appellant's Rule 600 motion, and the case proceeded to a non-jury trial on May 9, 2022. On May 10, 2022, the trial court found Appellant guilty of the aforementioned criminal charges, as indicated *supra*.[2] On August 4, 2022, the trial court sentenced Appellant as discussed *supra*.[3] This appeal followed.[4]

Appellant raises the following issue for our review, "Did the trial court err in denying [Appellant's] pre[-]trial motion of relief for violation of his rights

_____

[2] As part of his non-jury trial, Appellant stipulated to the facts contained in the November 22, 2017 affidavit of probable cause, his certified driving record, and a lab report, which showed the presence of alcohol and controlled substances in Appellant's blood sample at the time of testing.

[3] At the time of sentencing, the trial court *nolle prossed* the remaining criminal charges for which Appellant was not convicted.

[4] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On August 31, 2022, the trial court filed its Rule 1925(a) opinion relying on the February 7, 2022 opinion that accompanied the order denying Appellant's Rule 600 motion.

pursuant to [Rule] 600 and his constitutional right to a speedy trial?" Appellant's Brief at 4.

A "reviewing court's general standard of review is whether the trial court abused its discretion. The proper application of discretion requires adherence to the law, and[, thus,] we exercise plenary review of legal questions." *Commonwealth v. Baird*, 975 A.2d 1113, 1118 (Pa. 2009) (citations omitted); *see also Commonwealth v Harth*, 252 A.3d 600, 614 n.13 (Pa. 2021).

"Overall, Rule 600 protects a defendant's speedy trial rights, as well as society's right to effective prosecution of criminal cases." *Commonwealth v. Morgan*, 239 A.3d 1132, 1137 (Pa. Super. 2020) (citation and original quotation marks omitted).[5] In pertinent part, Rule 600 requires "[t]rial in a

---

[5] Rule 600 "was adopted to protect [a] defendant's constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, in response to the United States Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) in which the [High] Court adopted a four-part balancing test to determine whether a defendant's speedy trial rights had been violated." *Commonwealth v. Colon*, 87 A.3d 352, 356 (Pa. Super. 2014) (citation and original quotation marks omitted). "In *Barker*, the United States Supreme Court identified the following four factors to be considered in determining whether an unconstitutional speedy trial violation [] occurred: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant." *Id.* "Where [an] appellant does not raise the separate constitutional issue apart from the Rule 600 issue as a basis for the motion to dismiss, there is no need for the *Barker* balancing test to be examined." *Id.* at 357 n.2.

A review of Appellant's Rule 600 motion in the case *sub judice* reveals that Appellant requested that the trial court dismiss the charges against him "for

court case in which a written complaint is filed against the defendant [to] commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). "For purpose of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth [] failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). "Stated in the most general terms, when the Commonwealth causes delay, the Rule 600 clock continues to tick; when the defendant causes the delay, the clock stops." *Morgan*, 239 A.3d at 1137 (citation omitted). "Failure to meet the rule's prompt-trial requirement constitutes grounds for dismissal." ***Commonwealth v. Mills***, 162 A.3d 323, 324 (Pa. 2017), *citing* Rule 600(D)(1).

In calculating whether the Rule 600 prompt-trial requirements have been satisfied, a trial court begins by adding 365 days to the date on which the complaint was filed. The resulting date is commonly referred to as the "mechanical run date." Once the mechanical run date is determined, the trial court may, under certain circumstances, extend the mechanical run date to

---

violating his right pursuant to Rule 600." Motion to Dismiss for Violation of [Rule] 600, 10/7/21, at 5 (unpaginated). Because Appellant did not raise his right to a speedy trial under the United States Constitution as a separate constitutional issue in his Rule 600 motion, we examine Appellant's claim as an alleged violation of Rule 600, without consideration of the ***Barker*** balancing test. ***See Colon***, 87 A.3d at 357 n.2.

calculate what is commonly referred to as the "adjusted run date." If a defendant's trial has not commenced by the adjusted run date,[6] then Rule 600 has been violated and the defendant is entitled to a dismissal of the charges.

It is well-established that "time attributable to the normal progress of a case simply is not 'delay' for purpose of Rule 600." *Mills*, 162 A.3d at 325, *relying on* **Commonwealth v. Morgan**, 398 A.2d 972 (Pa. 1972); **see also Harth**, 252 A.3d at 616. "[T]he concept of 'delay' refers to the passage of a period of time that is outside of the ordinary, routine[,] and expected passage of time" between the filing of a complaint against the defendant and the commencement of the trial. *Mills*, 162 A.3d at 324-325.

"[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when it has failed to exercise due diligence are to be counted in the 365–day tally[.]"[7] **Id.** at 324. Judicial delay, *i.e.*, delay caused by the

---

[6] "A trial commences when the trial [court] determines that the parties are present and directs them to proceed to *voir dire* or to opening argument, or to the hearing of any motions that had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial." Pa.R.Crim.P. 600 *Comment*.

[7] "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010). "Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600." **Commonwealth v. Thompson**, 136 A.3d 178, 183 (Pa. Super. 2016) (citation and emphasis omitted), *appeal denied*, 159 A.3d 941 (Pa. 2016).

trial court's congested calendar or other scheduling difficulties, is excused from the 365-day calculation when the Commonwealth demonstrates, by a preponderance of the evidence, that it exercised due diligence in bringing the defendant's case to trial. *Mills*, 162 A.3d at 325 (stating, "where a trial-ready prosecutor must wait several months due to a [trial] court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable"); *see also Harth*, 252 A.3d at 618.

"[W]here a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he[, or she,] has notice, exclusion is warranted." *Baird*, 975 A.2d at 1118. Moreover, it is well-established that "if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, the Commonwealth's due diligence in attempting to locate him[, or her,] need not be assessed."[8] *Id.*, *relying on Cohen*, 392 A.2d at

---

[8] Our Supreme Court's decisions in *Harth*, *supra*, and *Mills*, *supra*, required the Commonwealth to prove, by a preponderance of the evidence, that it exercised due diligence in bringing a defendant's case to trial in order for judicial delay to excuse the time delay. We do not read *Harth* and *Mills* as overruling *Commonwealth v. Cohen*, 392 A.2d 1327, (Pa. 1978), and its progeny, which required no showing of prosecutorial due diligence in the instance where a defendant absconded and failed to appear for a court proceeding after receiving reasonable notice of the date on which the proceeding was to occur. To hold otherwise would reward an absconding defendant with the dismissal of criminal charges.

Rather, we read *Harth*, *supra*, and *Mills*, *supra*, as adopting a rule that applies only in instances where the trial court's calendar or other judicial factors may have prompted a defendant's Rule 600 motion. *See Harth*, 252 A.3d at 617 (stating, "requiring the Commonwealth to demonstrate that it acted with due diligence before a trial court excludes time from its Rule 600

1331; **see also Commonwealth v. Barbour**, 189 A.3d 944, 956 (Pa. 2018) (stating, "where a defendant voluntarily fails to appear for a required court proceeding, the resulting delay is attributable to him[, or her,] alone, and shall be excluded from the time chargeable to the Commonwealth").

Here, the crux of Appellant's argument is that the trial court erred when it excluded his more than three year abscondence (June 7, 2018, to August 27, 2021) from the Rule 600 calculation. Appellant's Brief at 8-22. Appellant predicates this claim on the Commonwealth's alleged failure to exercise due diligence in locating Appellant during this period.[9] **Id.** Appellant contends that, because he was neither placed on bail nor incarcerated without bail, he was deprived of notice that he needed to appear in court. **Id.** at 12-13 (arguing that, the purpose of bail is to provide notice to a defendant of his or

_____

time computation **on the basis of 'judicial delay'** comports with the language of Rule 600(C)(1) and its commentary, the purpose behind the rule, and our prior jurisprudence interpreting Rule 600 and its predecessor" (emphasis added)). Such instances are clearly distinguishable from circumstances in which delays result from a defendant's failure to appear at judicial proceedings for which he or she received notice. In such circumstances, we shall continue to apply the rule adopted in **Cohen**, which excuses assessment of the Commonwealth's due diligence when the defendant fails to appear despite reasonable notice.

[9] Appellant concedes that the periods of April 26, 2018, to June 7, 2018 (42 days), and September 24, 2021, to December 17, 2021 (84 days), were properly excluded from the Rule 600 calculations because these delays were due to requests by Appellant for a continuance of his DUI hearing. **See** Appellant's Brief in Support of Rule 600 Motion, 1/4/2022, at 5 (unpaginated); **see also** 1 Pa.C.S.A. § 1908 (stating that, a period of time "shall be so computed to exclude the first and include the last day of such period").

her rights and obligations to appear in court). As such, Appellant maintains that his absence from the criminal proceedings from June 7, 2018, to August 27, 2021, should not be excluded from the Rule 600 calculation. Brushing aside the issuance of a bench warrant for his arrest owing to a failure to appear in court on June 7, 2018, Appellant reasons that the Commonwealth needed to actively look for him to fulfill its affirmative duty of due diligence at all stages of the proceedings. *Id.* at 13. Appellant contends that "the Commonwealth should pay for [its] lack of [due] diligence" in locating Appellant. *Id.*

In denying Appellant's Rule 600 Motion, the trial court explained,

Here, the criminal complaint was filed on November 22, 2017. Therefore, under Rule 600, the "mechanical run date" is November 22, 2018, one year after the date that the Commonwealth filed the criminal complaint. Next, the [trial] court must compute the "adjusted run date."

Despite the mechanical run date of November 22, 2018, there were lengthy periods of delay attributable to [Appellant] which extend this time period significantly. Due to [Appellant's] failure to appear on January 19, 2018, a bench warrant was issued on January 22, 2018. [Appellant] eventually appeared in court on April 26, 2018, a total of 97 days later after his failure to appear on January 19, 2018. Thus, this delay due to his own unavailability is attributed to him. At that hearing, [Appellant] asked for a continuance, and his hearing was postponed to June 7, 2018, adding a further 42 days to the adjusted run date. Again, [Appellant] failed to appear on June 7, 2018, and a bench warrant was issued. He was not apprehended until August 27, 2021, [1,177] days after June 7, 2018. Therefore, this period of unavailability is also added to the adjusted run date. Thereafter, the [trial] court scheduled a plea court hearing for September 24, 2021. On September 24[, 2021, Appellant] requested yet another [] continuance[,] and his hearing was rescheduled to December, 17, 2021, which added an additional 84 days to his adjusted run

date. Once again, on December 17, 2021, [Appellant] filed a continuance, and his hearing was rescheduled to February 17, 2022, 46 days later. All of the aforementioned continuances were requested by [Appellant] and the delay is thus attributable to him. Furthermore, when [Appellant] was unavailable from June 7, 2018[,] until August 27, 2021, he already had notice of his June 7, 2018 court date, so no due diligence analysis is necessary. A total of [1,446] days of delay are attributable to [Appellant.[FN2]]

> [Footnote 2:] 94 days (first failure to appear on 1/19/2018 and bench warrant [issued] on 1/22/2018) + 42 days (first continuance on 4/26/2018) + [1,177] days ([Appellant] fails to appear on 6/7/2018 and is subsequently unavailable until 8/27/2021) + 84 days (continuance on 9/24/2021) + 46 days (continuance filed on 12/17/2021) = [1,446] days. November 22, 2018 + [1,446] days = November 7, 2022.

> Therefore, adding [1,446] days to the mechanical run date of November 22, 2018[,] results in an adjusted run date of November 7, 2022. No Rule 600 violation [] occurred, and as of the date of this opinion, the Commonwealth has until November 7, 2022[,] to bring the case to trial.

Trial Court Opinion, 2/7/22, at 4-5 (record citation and extraneous capitalization omitted).

A review of the record in the case *sub judice* demonstrates that, on November 22, 2017, a criminal complaint was filed against Appellant. This criminal complaint, however, listed Appellant's mailing zip code as "15312," a zip code assigned to Avella, Washington County, Pennsylvania. Appellant's then-current address was in McKeesport, Pennsylvania, which is assigned a zip code of, *inter alia*, "15132." Appellant failed to appear for his preliminary hearing scheduled for January 5, 2018. Appellant also failed to appear for his preliminary hearing that was rescheduled for January 19, 2018. As a result of Appellant's failure to appear at the second preliminary hearing, the

- 10 -

aforementioned criminal charges were held over for court and a bench warrant was issued for Appellant's arrest. On March 19, 2018, Appellant appeared for, *inter alia*, fingerprinting pursuant to an order issued by the magisterial district court. Appellant was not, however, arrested pursuant to the bench warrant at this time.

On April 26, 2018, Appellant appeared for a DUI plea hearing before the trial court. At this hearing, Appellant informed the trial court that he did not appear for his two previous preliminary hearings because "[t]hey had the wrong address" and that he had since "fixed" the address with the court system. N.T., 4/26/18, at 2, 5. Appellant also requested a continuance for time in which to obtain legal representation. As part of his request for a continuance, Appellant executed a statement waiving his rights under Rule 600 and his rights to a speedy trial. *See* Application for Continuance, 4/26/18. The trial court vacated Appellant's bench warrant and informed Appellant, in open court, that his next appearance was scheduled for June 7, 2018. N.T., 4/26/18, at 5. Appellant acknowledged that he understood that he was required to appear on that date, remarking that he would not forget the date because it was his sister's birth date. *Id.* A review of the trial court docket demonstrates that a notice of Appellant's June 2018 hearing date was returned to the trial court by the United States Postal Service. Appellant failed to appear for the June 7, 2018 DUI plea hearing, and a bench warrant was issued that same day. A review of the trial court docket reveals that notice of

the issuance of the bench warrant was returned by the United States Postal Service.

Appellant was subsequently apprehended pursuant to the bench warrant on August 25, 2021, and appeared for a bench warrant hearing on August 27, 2021. At the August 27, 2021 hearing, the trial court vacated the bench warrant, set Appellant's bail at $20,000.00 unsecured bond, and ordered Appellant to appear for a DUI plea hearing on September 24, 2021. N.T., 8/27/21, at 3. Appellant posted bond that same day and was released.

On September 24, 2021, the trial court granted Appellant's request for a continuance to permit Appellant the opportunity to file a Rule 600 motion. Appellant's DUI plea hearing was rescheduled for December 17, 2021. On October 7, 2021, Appellant filed a Rule 600 motion to dismiss. The trial court held a hearing on Appellant's Rule 600 motion on December 13, 2021, at the conclusion of which the trial court requested that each party submit briefs within 30 days.

On December 17, 2021, the trial court granted Appellant's request for a continuance of the DUI plea hearing on the ground that Appellant's Rule 600 motion was currently pending before the trial court. The DUI plea hearing was rescheduled for February 17, 2022. Appellant filed a brief in support of his Rule 600 motion on January 4, 2022, and the Commonwealth filed a brief in opposition to the motion on January 12, 2022. On February 7, 2022, the trial court denied Appellant's Rule 600 motion.

On February 17, 2022, Appellant appeared for his DUI plea hearing and indicated that he wished to proceed to a non-jury trial, which was subsequently scheduled for May 9, 2022. On May 10, 2022, the trial court, in a non-jury trial, convicted Appellant of the aforementioned criminal offenses and Appellant was sentenced, as discussed *supra*, on August 4, 2022.

Upon review, we discern no error in the trial court's order denying Appellant's Rule 600 Motion. The mechanical run date was November 22, 2018, 365 days after the filing of the criminal complaint. Appellant was convicted in a non-jury trial on May 10, 2022, 1,265 days after the mechanical run date. Appellant requested two continuances, April 27, 2018, to June 7, 2018, (42 days) and September 25, 2021, to December 17, 2021 (84 days). We discern no error in, and the record supports, the trial court's exclusion of these two continuances from the Rule 600 calculation, thus adjusting the run date to March 28, 2019. **See** Pa.R.Crim.P. 600(C)(3)(a)(ii) (stating that, for purposes of Rule 600, when the trial court grants a continuance, the trial court "shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule"); **see also** Trial Court Continuance Order, 4/26/18 (attributing the continuance request to Appellant and excluding the time period from any Rule 600 calculation); Trial Court Continuance Order, 9/24/21 (attributing the continuance request to Appellant and excluding the time period from any Rule 600 calculation).

Similarly, the period of June 7, 2018, to August 25, 2021[10] (1,175 days) was properly excluded from the Rule 600 calculation because, after receiving reasonable notice in open court on April 26, 2018, Appellant failed to appear for the June 7, 2018 court proceeding.[11] Because Appellant failed to appear for the June 7, 2018 court proceeding, after receiving reasonable notice, the

---

[10] For purpose of calculating this time period, we use the end date of August 25, 2021, the date on which Appellant was available for purpose of Rule 600 for a court proceeding before the Court of Common Pleas of Washington County. *See* N.T., 12/13/21, at 8 (stating, Appellant was taken into custody and returned to Washington County on August 25, 2021).

[11] We are cognizant that a portion of this 1,175-day timeframe included a period of time in which our Supreme Court declared a judicial emergency due to the COVID-19 global pandemic and suspended Rule 600. *See In re General Statewide Judicial Emergency*, 228 A.3d 1283 (Pa. 2020) (suspending Rule 600 from March 19, 2020, to April 3, 2020); *see also In re General Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020) (extending the Rule 600 suspension to April 30, 2020); *In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020) (extending the Rule 600 suspension to June 1, 2020). Pursuant to authority granted by our Supreme Court (*see In re General Statewide Judicial Emergency*, 228 A.3d 1281 (Pa. 2020)), the president judge of the Court of Common Pleas of Washington County suspended Rule 600 from March 16, 2020, to July 2, 2021, for all cases pending before that trial court. *See* Administrative Order, 5/28/21 (C.P. Wash. Cnty. filed May 28, 2021) (unpublished order). As such, Rule 600 was suspended in the Court of Common Pleas of Washington County for 473 days during the 1,175-day timeframe in which Appellant was in abscondence.

The suspension of Rule 600 is a "judicial delay" for purpose of Rule 600 calculations and, in order to exclude any time period due to the suspension of Rule 600, the Commonwealth is required to first demonstrate due diligence in bringing the case to trial *See Commonwealth v. Faison*, 297 A.3d 810, 824 (Pa. Super. 2023); *see also Harth*, 252 A.3d at 618; *Mills*, 162 A.3d at 325. Absent proof of due diligence, which the trial court did not assess in the case *sub judice*, we cannot cite judicial delay as grounds to exclude the 473 days within the 1,175-day timeframe.

time period of Appellant's abscondence was properly attributed to Appellant and excluded from the Rule 600 calculation without an assessment of the Commonwealth's due diligence in attempting to locate Appellant.[12] **See Baird**, 975 A.2d at 1118; **see also Cohen**, 392 A.2d at 1331; **Barbour**, 189 A.3d at 956. Applying this 1,177-day exclusion, the adjusted run date is calculated as June 17, 2022, 38 days after Appellant's conviction. Therefore, we discern no error of law or abuse of discretion in the trial court order denying Appellant's Rule 600 motion.[13]

---

[12] The absence of bail in the case *sub judice* is of no consequence. Appellant was informed in open court on April 26, 2018, of the June 7, 2018 hearing date, and Appellant acknowledged that he was required to appear on that date.

[13] We do, however, find that the trial court erred in extending the mechanical run date by 97 days for the period of time from January 19, 2018, to April 26, 2018. The trial court reasoned that this 97-day period extended the mechanical run date because Appellant failed to appear for his preliminary hearing on January 19, 2018, and did not appear before the trial court until April 26, 2018. As discussed *supra*, Appellant's voluntary failure to appear for a trial proceeding, such as his preliminary hearing, can only be excluded from the Rule 600 calculation when the Commonwealth demonstrated that Appellant had reasonable notice of the proceeding. Here, the record reveals that the criminal complaint contained an incorrect zip code for purpose of mailing Appellant notice of the January 19, 2018 preliminary hearing and that notices of the court proceedings were returned by the United States Postal System as undeliverable. As such, the Commonwealth failed to demonstrate that Appellant had reasonable notice of the January 19, 2018 preliminary hearing and the 97-day period cannot be excluded from the Rule 600 calculation.

Similarly, Appellant's request for a continuance on December 17, 2021, which resulted in a continuance of Appellant's case from December 18, 2021, to February 17, 2022 (62 days), was not attributable to Appellant and, thus, was

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2023

_____

not excluded from the Rule 600 calculation. This continuance was due to the pendency of Appellant's Rule 600 motion, which was not resolved until the trial court's disposition on February 7, 2022, and was erroneously attributed to Appellant, rather than an administrative delay. **See** Trial Court Continuance Order, 12/17/21 (attributing the delay to Appellant). Hence, this postponement of Appellant's case was part of the normal progress of a case while parties submitted requested briefs and is not a delay attributable to Appellant for purpose of Rule 600. **See Mills**, 162 A.3d at 325; **see also Harth**, 252 A.3d at 616.